IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP SCHERER,

                Petitioner,         Case No. 3:05 CV 7367

-vs-

                                      MEMORANDUM OPINION

UNITED STATES OF AMERICA,             AND ORDER

                Respondent.

KATZ, J.

      Subsequent to the filing of a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by the Petitioner, Phillip Scherer (hereinafter "Scherer" or "Petitioner"), pro se, Petitioner has filed two additional motions. One is to invoke discovery in aid of the motion under § 2255 (Doc. No. 4) and the other for this Judge to recuse from this case. (Doc. No. 5). Both motions will be denied.

      The Government in each of its memoranda in response to the two motions now before the Court has set forth a detailed statement regarding the history of Scherer's underlying criminal matter, from the indictment of November 6, 2002 through sentencing and appeal (which was dismissed by the Sixth Circuit Court of Appeals on August 9, 2004). The Court need not repeat that history here. Suffice to say that after much deliberation and on the day the jury reported for trial, Scherer entered a plea of guilty on August 4, 2003, fifteen (15) days after the plea deadline of July 18, 2003. The Court accepted his plea and subsequently granted him credit under the

United States Sentencing Guidelines for acceptance of responsibility. On December 13, 2003, Scherer was sentenced to 24 months imprisonment followed by 3 years of supervised released.

1. MOTION FOR RECUSAL

The Petitioner alleges that this Judge harbors a bias and prejudice against him and should recuse from hearing this case. In short, while Scherer indicates that he is not accusing the Court of committing felonies, he accuses this Judge of acting as an "accessory after the fact" for "aiding and abetting" the Assistant United States Attorney in knowingly using false statements during the suppression hearing, thus to secure Scherer's conviction because of the refusal of the Magistrate Judge to grant Scherer's motion to suppress. As noted on page 4 of the Government's response to this motion, Scherer points to two issues with respect to the Magistrate Judge's Report and Recommendation, neither of which have probative value nor accurately reflect the situations represented.

With respect to his reasons for demanding recusal, bias or prejudice against him by the Court is alleged due to three areas: this Court overruled his motion to suppress the evidence, denied his motion to withdraw his guilty plea, and denied his motion to terminate his defense counsel. Nothing in his affidavit nor memorandum rises to the level of sufficiency to require that this Judge recuse due to a lack of impartiality or a bias against the Petitioner. The Government's memorandum is extremely complete and justifies this Court's refusal to grant the motion. A district judge is required to recuse himself "only if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Story*, 716 F.2d 1088, 1091 (6th Cir. 1983)(internal citations omitted). The case of *Wheeler v. Southland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989) also requires that the Petitioner allege facts

showing a personal bias, as distinguished from a judicial bias. That personal bias must arise from this Judge's outside knowledge or association, not from his view of the law.

In the instant case Scherer attempted to change his guilty plea, which request was received by the Court two months after the guilty plea had been entered. This Court held a hearing on the issue and denied the motion to withdraw his plea. Scherer alleges that this Court's bias is demonstrated by the following statement of the Judge: "More than two months elapsed . . . . Suffice to say, enough is enough."

That simply is not demonstration of bias or prejudice and the statement arose in the course of a judicial proceeding. This Court merely found that the seriousness of a guilty plea, when viewed in combination with the fact that it was on the day that the jury trial was to commence, coupled with this Petitioner's history of changing his mind, his delay in notifying the Court of that change and the care with which this Judge took when accepting the plea, provided a high level of frustration which was expressed in a mild manner as set forth above.

This petitioner has failed to demonstrate any significant reason which a reasonable person with knowledge of all of facts would view as questioning this Judge's impartiality. Therefore, the motion to recuse will be denied.

2. MOTION FOR DISCOVERY

Scherer has requested leave of court to conduct discovery pursuant to Rule 6 and in aid of his §2255 motion. That Rule provides that a judge may, for good cause shown, authorize a party to conduct discovery if there are reasons which have been provided which justify the granting of that request. In this case the Government maintained an "open file" policy. The granting of any further discovery beyond that was denied by the Magistrate Judge because of the fact that the

Government had provided discovery. Scherer further contends that ATF Special Agent Patterson and Government witness Lisa Gessner deliberately made false statements which were the basis for his conviction. In support of this motion Scherer has filed sworn declarations with his § 2255 motion. Scherer also requests Grand Jury testimony of November 6, 2002 presented by Deputy Plotts.

The suppression hearing held March 24, 2003 was ample opportunity to cross examine and develop Scherer's case against the validity of the testimony of both Patterson and Gessner. That having been provided, there is no basis for any further discovery with respect to those matters.

With respect to Scherer's request for discovery of the Grand Jury testimony of Deputy Plotts, this falls within the general rule of secrecy regarding Grand Jury proceedings, as to which the Government has fully briefed the issue, and the Court will not regurgitate that further here. Since the Grand Jury testimony of Deputy Plotts would not fall within any of the exceptions to the secrecy of Grand Jury testimony, the Petitioner's request for same will be denied.

For all of the above reasons, Petitioner's motion for recusal (Doc. No. 5) and motion for discovery (Doc. No. 4) are denied.

The Government is granted until November 14, 2005 to respond to the pending motion filed pursuant to § 2255; the Petitioner is granted three (3) weeks thereafter to reply.

IT IS SO ORDERED.

    s/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE