IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

PHILLIP SCHERER,

                Petitioner,                Case No. 3:05 CV 7367

-vs-

                                                MEMORANDUM OPINION

UNITED STATES OF AMERICA,                AND ORDER

                Respondent.

KATZ, J.

Petitioner, Phillip Scherer, formerly a defendant in *United States v. Phillip Scherer* 02 CR 799, has filed a petition/motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody. A memorandum of law in support thereof was filed by the Petitioner on September 12, 2005 and consists of some 60 pages plus a plethora of attachments. The Government has filed its response in opposition to the motion to vacate sentence. For the reasons hereinafter set forth the Court will deny the motion and dismiss this case.

**BACKGROUND**

Briefly stated, Petitioner was indicted on November 6, 2002 for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The charges of the indictment were based upon events which occurred on July 13, 2001 in Hicksville, Ohio. On that date, Defiance County, Ohio, Sheriffs Deputies were dispatched to Scherer's home as a result of a report of a domestic disturbance. When the deputies entered the trailer they observed Scherer standing in the kitchen

holding a loaded, Russian made SKS assault rifle with a bayonet. He was eventually arrested for domestic violence and handling weapons while intoxicated, both violations of Ohio law. The assault rifle was seized.

A suppression hearing was held before Magistrate Judge Vernelis K. Armstrong on March 24, 2003 following which the Magistrate Judge issued a Report and Recommendation that the motion for suppression be overruled. (Doc. No. 28). That Report and Recommendation was adopted by this Court on June 16, 2003 in which the Petitioner's motion to suppress was overruled. ( Doc. No. 31).

On June 4, 2003 Petitioner indicated he wished to enter a plea of guilty; a change of plea hearing was set for June 19, 2003, but instead of a change of plea, the Petitioner and his counsel requested that the case be set for trial. This Court scheduled jury impanelment for August 4, 2003, with the trial to begin August 5, 2003. A plea deadline was established at July 18, 2003. However, on the date the jury was to be impaneled, Scherer withdrew his plea of not guilty and entered a guilty plea, which was accepted by this Court, and the jury pool, which had been assembled, was discharged.

Scherer next indicated in a letter to the Court that he wished to withdraw his guilty plea; he subsequently filed a motion to withdraw that plea and a motion for withdrawal of his defense counsel. This Court denied both motions and a sentencing hearing was set for December 8, 2003. Irrespective of the fact that Scherer entered his plea of guilty after the plea deadline, this Court granted him a three level downward departure in the Guidelines for acceptance of responsibility and he was sentenced to 24 months imprisonment followed by 3 years of supervised release. (Doc. No. 49).

The instant motion was filed on September 12, 2005 and raises five issues. Many of those issues are a rehashing of issues previously addressed by this Court, but they will be considered briefly in this memorandum opinion.

## STATEMENT OF THE LAW

The Government in its memorandum in opposition to Petitioner's motion has well set forth the statement of law and it will be restated in full here.

"To obtain relief under § 2255 on the basis of a nonconstitutional error, a defendant must show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. *Reed v. Farley*, 512 U.S. 339, 353 (1994); *United States v. Todaro*, 982 F.2d 1025, 1028 (6th Cir. 1993). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors result in something akin to a denial of due process. *Grant v. United States,* 72 F.3d 503 (6th Cir. 1996)."

"To obtain relief on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637; *United States v. Ross*, 40 F.3d 144, 146 (7th Cir. 1994)."

"Claims that could have been raised in a direct appeal, but were not, are barred from further review. These claims are reviewed only upon a showing of cause and prejudice for failing to raise them. *United States v. Frady*, 456 U.S. 152, 159 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). The failure to raise an issue at an earlier opportunity constitutes a waiver of the claim. *United States v. Walsh*, 733 F.2d 31, 34-35 (6th Cir. 1984)."

"In a petition for collateral review pursuant to § 2255 seeking to vacate a sentence, a prisoner must clear a significantly higher hurdle than would exist on direct appeal. *McNeil v. United States*, 72 F. Supp. 2d 801, 803 (N.D. Ohio 1999). The petitioner has the burden of sustaining his contentions by a preponderance of the evidence. Id."

"As stated by the Sixth Circuit, to prevail under Section 2255, a petitioner ". . . must show a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990), citing, *Hill v. United States*, 368 U.S. 424, 428 (1968)."

"The benchmark for judging ineffective assistance of counsel is "whether counsel's conduct so undermined the proper functioning of the adversarial process . . . that it cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a petitioner must make two showings. First, he must prove that counsel made serious errors, that is, that counsel's performance was deficient. Defendant must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, a defendant must show that the deficient performance prejudiced his defense. Both showings must be made to establish that there has been a breakdown in the adversarial process and the result is unreliable. *Id.* at 687. Under the first requirement to show that counsel's performance was deficient, Petitioner must demonstrate that the counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Id. at 688. Judicial scrutiny of counsel's performance must be highly deferential; indeed, the court must presume that the challenged action might be considered sound trial strategy. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). "It is all too

4

tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland* at 689."

"As stated by the Sixth Circuit, to prevail under § 2255, a petitioner ". . . must show a fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990), citing, Hill v. United States, 368 U.S. 424, 428 (1968)."

"Under the second requirement to show prejudice, Petitioner must demonstrate that there exists a reasonable probability that, absent counsel's unprofessional errors, the results of the proceeding would have been different. *Strickland* at 694. The focus should be whether counsel's errors have undermined the reliability of and confidence in the result, *i.e.*, can one confidently say that the trial reached a fair and just result. *Lockhart v. Fretwell*, 506 U.S. 364 (1993)."

## DISCUSSION

### I. Denial of Right to Counsel of His Choice

The Government devotes roughly four full pages to this issue. Briefly, the Defendant had more than seven months to request a change of counsel, but waited until four weeks before trial. He attempted to substitute an attorney from outside this District, but that attorney had never contacted the Court nor attempted to file an entry of appearance. The delay of the scheduled criminal trial was unconscionable and there was no express motion or waiver of the Speedy Trial Act filed by the Petitioner. Under the circumstances of this case, the denial of a continuance did not rise to the level of a constitutional error and the Court will deny Scherer's first claim.

**II. Admission of Evidence of the Entry & Search of Scherer's Home**

Scherer challenges the validity of the deputies' entry into his home during which the rifle was discovered. These arguments were raised and considered at the suppression hearing and addressed in the Magistrate Judge's Report and Recommendation, which was adopted by this Court. The assertions by Scherer are a simple rehash of his previous arguments that his girlfriend, Lisa Gessner, had no right to admit the deputies; however, there is no question that she had joint access to and control of the property. The Court will deny the second claim of the Petitioner.

**III. Denial of Effective Assistance of Trial Counsel**

Petitioner spends time arguing the underlying state charges, but whether he was found guilty of those charges is totally irrelevant to the § 922(g)(1) violation for which he was indicted in this District. That indictment arose from the possession of a firearm while under a disability. The Government has set forth on pages 17 and 18 of its memorandum admissions by Scherer that he was in possession of a firearm; those admissions occurred during the sentencing hearing and after questioning by this Judge. He was asked whether he did have a gun in his possession on the night of July 13, 2001, as to which he responded, "That's correct. I never had a problem with that." (Sentencing Transcript at TR 2-3).

The rifle was made in Russia, thus clearly traveled in interstate commerce. The Petitioner's 1986 felony conviction is a matter of record and undisputed. It was not ineffective assistance of counsel for his then attorney to fail to raise arguments or present witnesses which had no bearing on the three elements of a felon in possession charge.

Clearly, Petitioner has failed to demonstrate that his attorney committed such grave errors that, as defined by *Strickland* she was no longer functioning as "counsel," or that he was

6

prejudiced by those alleged errors. Therefore, his claim of ineffective assistance of counsel must be denied.

## IV. Ineffective Assistance of Appellate Counsel

Here is outlined multiple arguments which he says he ordered his attorney on appeal to present, but that she did not. None of those arguments were relevant nor would have resulted in his gaining a reversal on appeal. They simply lack merit and did not nor do they demonstrate the requisite prejudice to satisfy *Strickland*. This claim must be denied.

## V. Denial of Due Process

In his last claim Scherer airs several grievances which he categorizes as violations of due process and violation of his Fifth and Fourteenth Amendment rights. The Government has set forth at pages 21 through 23 excerpts from the change of plea hearing held August 4, 2003 before this Judge. They refute Scherer's assertion that this Court "misadvised" him that he could appeal the decision of the suppression hearing. He also again raises the issue of representation by private counsel of his choice and that this Court denied him due process by refusing to permit withdrawal of his guilty plea. He has the temerity to allege that this Court denied him due process by convicting him of a crime of which he is actually innocent, possession of a firearm while under a disability. That assertion is lacking in any credibility since he has admitted on multiple occasions possessing the Russian rifle.

There are other assertions in the more than 60 pages of his memorandum in support of this motion, but none of them demonstrate a scintilla of evidence that his due process rights were violated in the proceedings in this District Court. Therefore, his fifth claim will be denied.

## CONCLUSION

For the foregoing reasons, and those extensively delineated in the Government's well-drafted memorandum in response to Petitioner's motion to vacate sentence, that motion is denied and this matter dismissed.

IT IS SO ORDERED.

    S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE